CASE No. 1124.

COOPER v. SMITH.

Action was brought for the recovery of a tract of land purchased from A.; defendant admitted plaintiff's deed, but alleged a possession under a prior contract to purchase made with A. The cause was called on calendar 1, and, without objection, submitted to a jury, who found for defendant. Upon this verdict, judgment was entered for defendant, and the next day plaintiff paid the costs, and the judgment was marked satisfied. More than two years afterwards, motion was made by plaintiff to vacate this judgment. *Held,* that the defense was equitable, and should have been passed upon by the judge, and that not having been done, the judgment was erroneous, and should be vacated.

Before MACKEY, J., Charleston, March, 1881.

Motion by plaintiff to vacate judgment in case of *Ransom Cooper* v. *William Smith.* The opinion states the case.

*Messrs. Lord & Inglesby,* for appellant.

*Messrs. Simonton & Barker,* contra.

November 25th, 1881. The opinion of the court was delivered by

SIMPSON, C. J. This action was brought to recover possession of a tract of land—the plaintiff claiming through a deed from Dr. O. C. Rhame. The defendant admitted the execution of plaintiff's deed, but denied his right to recover, alleging that the defendant was in possession under an agreement to purchase from Dr. Rhame, made prior to plaintiff's deed.

The case was found by Judge Kershaw on calendar No. 1, and was submitted by him, without objection from either side, to a jury as a law case. The jury returned a verdict for the defendant. Upon this verdict, the clerk, after the adjournment of the court, entered judgment for defendant and for costs.

The judgment was entered on December 4th, 1878, and the next day the plaintiff paid it, whereupon defendant entered satisfaction.

Thus the matter stood until February 21st, 1881, when the motion below, after notice, was made before Judge Mackey, in open court, to set aside the judgment, as having been entered by the clerk without authority of law, and to have the case placed by the clerk upon the proper calendar. Judge Mackey refused the motion, and the plaintiff has appealed upon the following grounds:

1. "That the defense, being equitable in its nature, belonged to the equity side of the court, and could only be determined by the judge in the exercise of his chancery powers.

2. "That the verdict of the jury was merely to ease the conscience and enlighten the understanding of the judge, and, together with the judge's notes of evidence, should have been sent over to the chancery side of the court, where the judge himself should have considered the evidence and rendered a decree thereon.

3. "That this not having been done, the judgment entered by the clerk upon the verdict of the jury was without authority of law, and should be vacated and set aside."

There is no doubt but that the defense in this case was an equitable defense, and one which, formerly, could only have been adjudicated in a court of equity. The plaintiff's title having been admitted by the defendant, it could not have been assailed before the adoption of the code, in the law courts, by setting up an equitable defense there. Such defense could then have been made available for defendant by a distinct proceeding in equity only, to restrain the action at law, and for such relief in this court as the defendant's equity might warrant him in demanding.

The forms of action heretofore prevailing in the different courts, however, having been abolished, and the powers of the Court of Chancery and Common Pleas having been combined and vested in one court, and one form of action prescribed for all cases, whether equitable or legal, a change as to the mode of defense also became necessary. Hence, by the code, Section 173,

it was enacted that a defendant may set forth by answer as many defenses and counter-claims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both. Under this section of the code, the defense, in this case, was set up, and the case went to the jury under the issue raised by this defense, the defendant having admitted plaintiff's deed, and, therefore, his legal title.

The question that the case upon the pleadings was an equity case, involving an equitable issue only, was not raised. Nor after verdict was there any motion made, either by the plaintiff or defendant, for decree or judgment by the judge. Under these circumstances it is not surprising that the clerk, in pursuance of Section 288 of the code, which makes it the duty of the clerk, in the absence of other instructions, to enter up judgment in conformity with the verdict, did enter this judgment. The next day after it was entered, the plaintiff paid the costs, whereupon it was properly marked satisfied, and thus it has slept until this motion.

The plaintiff, to sustain his appeal, relies upon *Adickes* v. *Lowry*, 12 *S. C.* 108 ; *Gadsden* v. *Whaley*, 9 *Id.* 147, and *Sloan* v. *Westfield*, 11 *Id.* 447. These cases are strong to the point that where an equitable defense—such as formerly could only be heard in a court of equity—is set up in an answer to a law case, such defense must be tried by the judge, either personally or through the aid of a jury acting under his order and for his enlightenment. And if the defendant had objected at the trial to this case being submitted to the jury as a law case, no doubt these authorities would have controlled Judge Kershaw ; but, no objection being made, the case went to the jury. This, however, did not legalize the judgment subsequently entered by the clerk, as the two latter of these cases decide that where judgment is entered on a verdict in such case, without decree of the judge, such judgment is erroneous and illegal, and may afterwards be set aside on motion. Under these authorities we think it was error on the part of the Circuit judge not to vacate the judgment.

This disposes of the third ground of appeal. The first two grounds, while it is true they contain correct legal propositions,

yet they assign no error on the part of the Circuit judge, and, consequently, raise no question for the judgment of this court. They seem to be rather in the nature of an argument by appellant, intended to sustain the third ground of appeal, to wit, "that the Circuit judge erred in refusing to vacate the judgment in question." This, in our opinion, being the only question before us, we have confined our judgment to that.

It is the judgment of this court that the order of the Circuit Court, in so far as it refused the motion of appellant to vacate the judgment, be reversed, and that the case be remanded.

McIVER and McGOWAN, A. J.'s, concurred.